```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEAN-CLAUDE P. HILL            :   CIVIL ACTION
                               :
     v.                        :
                               :
DAVID DIGUGLIELMO, et al.      :   NO. 09-1804
```

ORDER

AND NOW, this 24th day of November, 2010, upon careful and independent consideration of petitioner Jean Claude P. Hill's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), defendants' response thereto (docket entry # 9), Hill's letters to the Court (docket entries # 11, 12, 13, 14, 15, and 16), the Honorable M. Faith Angell's report and recommendation (docket entry # 19), and Hill's letter filing objections to Judge Angell's report and recommendation (docket entry # 23), and the Court finding that:

(a) Judge Angell explains that under 28 U.S.C. § 2244(d)(1), setting out the period of limitations for habeas petitions by prisoners in state custody, and § 2244(d)(2), providing for tolling during state post-conviction review, "Dr. Hill had until on or before November 3, 2000, to file his habeas petition. The instant petition was not filed until August 7, 2008, over seven years too late," Report and Recommendation at 8;

(b) Because "Dr. Hill has not argued, and the record before me does not suggest, that the circumstances of this case present the 'rare situation' which demands equitable tolling of the federal habeas statute," Judge Angell concludes that "Dr. Hill's untimely habeas petition is not subject to federal review," id. at 9, and should therefore be dismissed;

(c) Hill responds that "equitable tolling saves time-bar because of the case that I was mentally ill and needed help to know what to do and when to get it done," Pet'r's Objections;

(d) Our Court of Appeals has indeed decided that "Congress intended the one year period of limitation [in § 2244(d)(1)] to function as a statute of limitation, and thus be subject to equitable tolling," Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998);

(e) But while our Court of Appeals has held "that a district court could grant equitable tolling where a petitioner's mental incompetence affected the petitioner's ability to file a timely habeas petition," McKeithan v. Varner, 108 Fed. Appx. 55, 58 (3d Cir. 2004) (citing Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), rev'd on other grounds by Carey v. Saffold, 536 U.S. 214 (2002)), it has also recognized that "mental incompetence is not a per se reason to toll a statute of limitations. Rather,

the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition," Nara, 264 F.3d at 320 (citation omitted);

(f) Moreover, any petitioner seeking equitable tolling on the basis of an extraordinary circumstance such as mental illness "must also demonstrate that he diligently pursued his rights," Urcinoli v. Cathel, 546 F.3d 269, 273 (3d Cir. 2008); see also Miller, 145 F.3d at 618-19 (petitioner "must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient");

(g) While Hill has asserted that he is entitled to equitable tolling of AEDPA's one-year limitations period based on his mental illness, he has not carried his burden of proving the existence of such illness between November 3, 2000, when the one-year limitations period would have expired absent equitable tolling, and August 7, 2008, when the instant petition was filed;

(h) Rather, Hill's submissions focus on demonstrating his mental illness at the time of the commission of his crime, see Pet'r's Letter, Mar. 19, 2010; Pet'r's Letter, Apr. 9, 2010;

(i) Hill has certainly not demonstrated that illness

prevented him from timely filing his habeas petition,[1] or that he exercised reasonable diligence in bringing this claim;

(j) Because a petitioner seeking equitable tolling may not merely "make[] broad claims of mental incompetency," but must show "that he was prevented in some extraordinary way from asserting his rights [and] that he exercised reasonable diligence in attempting to exercise those rights," Douglas v. DiGuglielmo, 2009 WL 362715, at *1 (E.D. Pa. 2009) (Savage, J.), Hill has simply failed to carry his burden here; and

(k) Accordingly, we will overrule Hill's objection and approve Judge Angell's report and recommendation;

It is hereby ORDERED that:

1. The report and recommendation (docket entry # 19) is APPROVED and ADOPTED;

---

1. Hill's letters suggest that he has been undergoing rehabilitation that diminishes any threat he might pose to society. See Pet'r's Letter at 7, Mar. 19, 2010 ("Once i'm freed into society the big question is how will they know if this doesn't happen again?  Well, the psychiatrist will prove that by Koch's postulates, that i will be no more of a risk in society than are other average citizens.  This is by way of groups done, activities and other methods of rehabilitation will be documented and followed up.")  But the efficacy of Hill's treatment, laudable and positive as it is, hardly supports a conclusion that for seven and a half years Hill was mentally disabled from complying with AEDPA's limitation period.

4

2. Hill's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1) is DISMISSED WITH PREJUDICE as untimely; and

3. Hill having failed to make a substantial showing of the denial of a constitutional right, we decline to issue a certificate of appealability; and

4. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.